UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDALL HARLAN                           CIVIL ACTION NO. 07-1267

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

TIME WARNER CABLE, INC., ET AL.          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss (Record Document 9) filed by Defendants Time Warner Cable, Inc. and Time Warner Entertainment Company, L.P. ("Defendants"). The motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Randall Harlan ("Harlan") has opposed the motion.  See Record Document 15.  In briefing the Motion to Dismiss, both parties raised the issue of converting the Motion to Dismiss into a Motion for Summary Judgment.  See Record Document 15 at 1, n. 1; Record Document 18 at 2, n. 1.  Resolution of the instant motion required consideration of items outside the complaint.  Thus, out of an abundance of caution, the Court converted the Rule 12(b)(6) Motion to Dismiss into a Rule 56 Motion for Summary Judgment.  For the reasons which follow, the Motion for Summary Judgment is **GRANTED** and Harlan's complaint is dismissed with prejudice as untimely.

## BACKGROUND

Harlan is an employee of Comcast Cable Company in Shreveport, Louisiana.  See Record Document 1, ¶ 1.  Comcast Cable Company recently acquired Time Warner Cable, Harlan's previous employer for 28 years and for all relevant times to this matter.[1]  See id. In April 2003, Harlan was promoted to the position of Technical Trainer.  See id., ¶ 2.  At

---

[1]On May 27, 2008, all Comcast defendants were dismissed with prejudice.  See Record Document 28.

the time of his promotion, Harlan had a permanent disability, of which his employer was fully aware and accommodated him by altering the method by which he was required to conduct his duty of training installation technicians.  See id., ¶¶ 2-3.

Harlan claims that in November 2004, Defendants discontinued the accommodation of his alleged permanent disability without justification.  See id., ¶ 4.  In February 2005, he filed a charge of discrimination with the EEOC alleging that Defendants discriminated against him based on an alleged disability and violated Title I of the Americans with Disabilities Act by discontinuing his accommodation.  See id., ¶ 8.  On September 25, 2006, the EEOC issued a Dismissal and Notice of Rights.  See id., Exhibit A (Dismissal and Notice of Rights, Notice of Suit Rights).  Harlan alleges that he received the Notice by mail through his attorney on May 7, 2007.  See id., ¶ 8.[2]  The Notice that is attached to Harlan's complaint as an exhibit contains a fax header indicating that the Notice was also received by fax through his attorney on May 3, 2007 at 5:03 p.m.  See id., Exhibit A.  In the Notice, the EEOC informed Harlan that it was closing its file on his charge because it was "unable to conclude that the information obtained establishes violations of the statute."  Id. The EEOC advised Harlan that he could file a lawsuit under federal law, but expressly warned:

> Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost.

Id.  Harlan filed his complaint before this Court on August 3, 2007, eighty-eighty days after

---

[2]"[F]or purposes of [Section] 2000e-5(f)(1), notice to an attorney who is formally representing the complainant in an EEOC proceeding, constitutes notice to the complainant and begins the running of the 90 days allowed for the filing of suit."  Decker v. Anheuser-Busch, 632 F.2d 1221, 1223 (5th Cir. 1980).

he received the EEOC Notice by mail and ninety-two days after he received the EEOC Notice by fax.

## LAW AND ANALYSIS

**I.    Summary Judgment Standard.**[3]

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against

---

[3]In opposing the Motion to Dismiss, Harlan argues there are genuinely disputed material facts, preventing both resolution of the case by a motion to dismiss or a motion for summary judgment. See Record Document 15 at 1. Specifically, he contends that the date his counsel received the EEOC Notice is a disputed issue of material fact. See id. at 2.  In their reply, Defendants resolve any dispute as to the date Harlan's counsel received the EEOC Notice by reference to documents in the EEOC investigative file. See Record Document 18 at 2. Defendants further argue that because the EEOC investigative file is a public record, the motion may continue as one brought under Rule 12(b)(6). See id. at 2 n. 1. Defendants maintain that if the EEOC documents are beyond the purview of a Rule 12(b)(6) motion, the Court should convert their motion to dismiss to a motion for summary judgment. See id. Finally, Defendants argue that there is no triable issue of material fact regarding the timeliness of Harlan's complaint. See id.

Federal courts are permitted to refer to matters of public record, including an EEOC investigative file, when deciding a 12(b)(6) motion to dismiss. See Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995); Wilson v. Lockheed Martin Corp., No. 03-2276, 2003 WL 22384933, *2 (E.D.La. Oct. 15, 2003). Further, the presence of affidavits in the record that were not relied upon by the district court does not convert the motion to dismiss into one for summary judgment. See Davis, 70 F.3d at 372 n. 3.

Out of an abundance of caution, this Court has converted the instant motion to a Rule 56 Motion for Summary Judgment.   While the Court agrees that the EEOC investigative file is a public record, the Court reviewed several affidavits in the record and relied upon them in reaching its ruling.   Accordingly, the proper course of action is to convert the motion since the Court has considered matters outside the pleadings.

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## II.    Timeliness.

A plaintiff in an employment discrimination action must exhaust administrative remedies before filing suit in federal court.  See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."  Id. at 379.  Title VII affords a claimant ninety days to file a civil action after *receipt* of the statutory notice.  See id.  Title 42, United States Code, Section 2000e-5(f)(1) provides, in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and ***within ninety days after the giving of such notice*** a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Under controlling Fifth Circuit case law, the ninety-day period is strictly construed and Title VII claims filed outside the limitation period

are routinely dismissed.  See id.  The Fifth Circuit has held that the ninety-day period of limitation "begins to run on the date that the EEOC right-to-sue letter is *delivered* to the office of formally designated counsel or to the claimant."  Ringgold v. Nat'l Maintenance Corp., 796 F.2d 769, 770 (5th Cir. 1986) (emphasis added).

Defendants contend that Harlan's complaint is untimely because it was filed ninety-two days after his attorney received the EEOC Notice by fax.  Conversely, Harlan maintains that his complaint is timely, as it was filed eighty-eighty days after his attorney Notice by mail on May 7, 2007.  Likewise, there is no dispute that the copy of the Notice attached to Harlan's complaint contains a fax header indicating that the Notice was received by fax through his attorney on May 3, 2007 at 5:03 p.m.  See Record Document 1, Exhibit A.[4]  Yet, Harlan contends that there is no proof that the "imprint" on the top of the exhibit is a notation of a facsimile transmission to Harlan's counsel or that Harlan's counsel actually received and knew of such a facsimile transmission on the date and time indicated by the imprint.  Record Document 15 at 2.  Harlan's counsel also notes that she closed her office on May 3, 2007 and did not return to the office until May 7, 2007.  See Record Document 15-2.

The aforementioned arguments fail as a matter of fact and law, as there is competent summary judgment evidence that Harlan's counsel received the Notice by fax on May 3, 2007.  While Harlan denies that the "imprint" on the top of the exhibit is a

---

[4] Harlan's allegation in his complaint that his attorney received the Notice by mail on May 7, 2007 does not contradict the fact that his attorney also received the Notice by fax four days earlier.  Notwithstanding, if an allegation set forth in the complaint is contradicted by the contents of an exhibit attached to the pleading, then the exhibit and not the allegation controls.  See Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 377 (5th Cir. 2004).

notation of a facsimile transmission to his counsel, it was Harlan's counsel who attached the faxed EEOC Notice to the complaint as an exhibit.  The EEOC's file also demonstrates that the Notice was faxed to Harlan's counsel on May 3, 2007.  See Record Document 18-2.  Keith T. Hill, Field Director and custodian of record for the New Orleans Field Office of the EEOC, certified the documents from the EEOC investigative file, which include a fax confirmation establishing successful transmission of the EEOC Notice to Harlan's counsel of record on May 3, 2007.  See id.

The Court finds that the undisputed record evidence, namely the EEOC investigative file, establishes that a copy of the EEOC Notice was faxed to and received by Harlan's counsel on May 3, 2007.[5]  Thus, the sole issue is whether the faxed copy or the mailed copy of the EEOC Notice is deemed to have notified Harlan of his right to sue.  As stated previously, it is well settled within the Fifth Circuit that ***delivery***, not retrieval and viewing, of the EEOC right-to-sue letter to the office of formally designated counsel or to the claimant triggers the ninety-day limitation period.  See Ringgold, 796 F.2d at 770; Decker, 632 F.2d at 1224 ("We further hold that the notice is effective from the time of its delivery to the attorney's office, without regard to when the attorney may have actually read the communication."); Drummond v. West, No. 94-3873, 1995 WL 663346, *2 (E.D.La. Nov. 8, 1995).  There is no controlling Fifth Circuit case on point addressing the issue of facsimile notification.  However, Defendants rely on Morse v. Simley Corp., 406 F.Supp.2d 1286 (M.D.Fla. 2005), a case addressing almost precisely the same issue this Court

---

[5]The EEOC investigative file essentially disposes of Harlan's "presumptive receipt date" argument, as courts presume the receipt date of an EEOC Notice only when the date on which the Notice was actually received is either unknown or legitimately in dispute.  See Taylor, 296 F.3d at 379-380.

currently faces.

In Morse, the EEOC sent Plaintiff a Dismissal and Notice of Rights on September 6, 2002. See id. at 1287. Then, on July 7, 2004, Plaintiff's counsel sent the EEOC a letter by fax, requesting the status of Plaintiff's charge. See id. On July 8, 2004, the EEOC forwarded Plaintiff's counsel, by fax and mail, a copy of the Right to Sue Letter originally issued on September 6, 2002. See id. Plaintiff received the fax copy on July 8, 2004 and the mailed copy on July 12, 2004. See id. The Morse court held that a fax copy of the EEOC's letter was statutorily sufficient to notify a Title VII plaintiff of his right to sue. Id. at 1288. Specifically, the court stated:

> Based on the plain language of 42 U.S.C. § 2000e-5(f)(1), the Court finds that Plaintiff's claim is time-barred. The requirements of 42 U.S.C. § 2000e-5(f)(1) are straightforward: (1) the EEOC must "notify the person aggrieved"; and (2) the person claiming to be aggrieved must file suit within 90 days after the EEOC provides notice. There is no requirement that the EEOC notify "the person aggrieved" notice through U.S. mail or any other manner. The bottom line in this instance is that Plaintiff was notified of his right to sue on July 8, 2004 (albeit by fax) and not, as he claims, on July 12, 2004.

Id. The court further reasoned that there was "no evidence that the EEOC 'lulled' Plaintiff into inaction or otherwise misled him by initially sending him a right to sue letter by fax and subsequently sending a hard copy by mail." Id. at 1288-1289.[6]

_____

[6]Harlan contends that Morse is distinguishable from the instant matter, specifically arguing:

> In the Morse case, the attorney requested expedited delivery of the notice of RTS, expected it to be delivered over the fax machine and was standing by to retrieve it. That is not the case here.

Record Document 15 at 4, n. 8.

The Morse court did note that the faxed notice, which was followed up by a hard copy in the mail, was done to accommodate the request of Plaintiff's counsel. However,

In Crane v. Nat'l Cable Satellite Corp., 484 F.Supp.2d 100 (D.D.C. 2007), the EEOC dismissed the plaintiff's charge and issued a right to sue letter on January 24, 2005.  See id. at 101.  However, neither the plaintiff nor her attorney learned that the EEOC had issued a right to sue letter until May 23, 2005, when defense counsel faxed a copy of the letter to plaintiff's counsel.  See id.  On August 8, 2005, the EEOC faxed the plaintiff a reissue of the right to sue letter.  See id. at 102.  The plaintiff filed suit, which was timely based on the August 8th date, but untimely based on the May 23rd date.  See id. at 103.  The court held that the plaintiff's suit was untimely, stating:

> The plaintiff acknowledges that she received notice of the EEOC's decision on May 23, 2005. . . .  On May, 23, 2005, defense counsel faxed the plaintiff's counsel a copy of the right to sue letter. . . . Therefore, the 90-day period started running on May 23, 2005. Although the time for filing a suit in court started running in late May 2005, the plaintiff did not file suit in court until almost four months later, on September 21, 2005. . . . Because the plaintiff did not file within 90 days of her May 23, 2005 receipt of the right to sue letter, her claim is untimely.

Id. at 103-104.

The Court accepts and adopts the analysis set forth in the Morse case, which is based on the plain language of 42 U.S.C. § 2000e-5(f)(1).  Section 2000e-5(f)(1) requires notification and the filing of a suit ninety days after the EEOC provides such notice.  There is no requirement that the notification be through U.S. mail or any other manner.  Here, the EEOC investigative file establishes that Harlan was first notified of his right to sue on May 3, 2007, albeit by fax, and not, as he claims, on May 7, 2007.  Moreover, the faxed copy of the Notice was attached to Harlan's complaint as an exhibit.  Because the record

---

this fact was noted in the context of the court's "lulling" analysis, not in its analysis of whether the fax copy is deemed to have notified Plaintiff of his right to sue.  See Morse, 406 F.Supp.2d at 1288-1289.  Harlan has made no allegation of "lulling" in this case.

evidence establishes that the EEOC Notice was delivered by fax to counsel's office on May 3, 2007 and that the complaint was not filed within 90 days of that date, the Motion for Summary Judgment is granted and Harlan's complaint is dismissed with prejudice as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Harlan's complaint is untimely under Title 42, United States Code, Section 2000e-5(f)(1), as it was filed ninety-two days after he received his right-to-sue notice via fax.  Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss, which has been converted to a Rule 56 Motion for Summary Judgment, is **GRANTED** and Harlan's complaint is **DISMISSED WITH PREJUDICE** as untimely.  A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE